```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                 :
MALIBU MEDIA, LLC
                                 :
     v.                          :  Civil Action No. DKC 15-3614
                                 :
JOHN DOE
                                 :
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Malibu Media, LLC ("Plaintiff") filed this action for copyright infringement against a John Doe defendant ("Doe"). Presently pending and ready for resolution is a motion to dismiss this action and quash a third-party subpoena filed by Doe. (ECF No. 7). The court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, Doe's motion to dismiss and quash will be denied.

**I.  Background**

The limited factual background in this case can be found in a prior order granting Plaintiff's motion for leave to serve a third-party subpoena. (*See* ECF No. 6). Plaintiff alleges that a single Doe defendant utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Plaintiff. Plaintiff identified Doe only by an Internet Protocol address ("IP address") assigned to a customer on a specific date by an Internet Service Provider

("ISP"). Accordingly, Plaintiff moved to expedite discovery and serve a third-party subpoena on the ISP prior to a Rule 26(f) conference in order to obtain the identity of Doe. On December 2, 2015, the undersigned granted Plaintiff's motion subject to numerous conditions and limitations dictated by the sensitive nature of this action and the uncertainty surrounding the specificity of IP addresses. (ECF No. 6). The order allowed Doe to proceed anonymously, but explained that Doe:

> MUST PROVIDE his or her name and current address to the Clerk of the Court so that the Court may provide notice of the filings to the Subscriber. This may be accomplished by completing and mailing to the Clerk of the Court the attached form. This contact information will not be disclosed to the Plaintiff and will be used solely for the purposes stated above. The Court will not decide any motions until the Doe Subscriber has provided all required Information.

(*Id.* at 4). On January 8, 2016, Doe filed the pending motion to dismiss this action and quash the third-party subpoena (ECF No. 7), and Plaintiff responded (ECF No. 8). Despite the court's explicit instructions in its December 2, 2015 order, Doe has not provided the Clerk his or her name or any contact information.

**II. Analysis**

Doe asserts that the subpoena must be quashed because: (1) the alleged infringements occurred before Plaintiff registered the copyrights; and (2) the IP address does not identify Defendant as the infringer. Plaintiff contends a "self-serving

2

denial of liability" is not an appropriate basis for a motion to quash under Federal Rule of Civil Procedure 45(d).  (ECF No. 8, at 4-5).  Plaintiff further contends that the court's prior order allowing the subpoena includes protections that are sufficient to address Doe's concerns regarding anonymity and reputational injury, and Plaintiff does not oppose Doe remaining anonymous through the close of discovery.  (*Id.* at 7).

Doe cannot move successfully to quash the subpoena by denying liability.  "[I]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena."  *Third Degree Films, Inc. v. Does 1-108*, No. DKC-11-3007, 2012 WL 669055, at *3 (D.Md. Feb. 28, 2012) (citation and internal quotation marks omitted).  "For the court to quash the subpoena would allow a subscriber to prevent Malibu from pursuing a potentially valid claim simply by denying liability." *Malibu Media, LLC v. Doe*, No. MJG-14-0747, 2014 WL 7190812, at *2 (D.Md. Dec. 16, 2014).  Moreover, Doe's failure to provide the court with the required contact information has made it impossible for this action to go forward without Plaintiff serving its third-party subpoena.  The court does not know Doe's contact information, and therefore cannot provide notice of filings or otherwise communicate with Doe.

The court appreciates the potential for undue reputational harm should Doe's identity be made public, particularly in light

3

of the possibility that the alleged copyright violations were committed by someone other than Doe.  There is also potential for a plaintiff to use the threat of reputational harm to abuse these lawsuits and coerce settlements.  "But those concerns adequately are addressed by the existing interplay of procedural rules and this Court's order."  *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *9 (D.Md. Dec. 16, 2014). "[D]espite having dozens of suits in this District, there is no indication to date that Malibu has failed to comply with the dictates of the Federal Rules and this Court's orders, and so there is no reason to depart from the procedures currently in place or to buttress the protections for subscribers that already are in place."  *Id.*

The protections the court outlined in its December 2 Order protect Doe's privacy interests and ensure the case does not go forward improperly.  That order provides that Plaintiff must not disclose Doe's identity publicly absent further order form the court and "may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint" to name Doe as an individual defendant. (ECF No. 6, at 4-5).  Further, "[a]ny amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from the publically available court docket, with an unredacted copy

filed under seal."[1]  (*Id.* at 5).  In addition, as has become customary in this district through the adjudication of similar cases, Plaintiff is authorized to depose the individual identified as the subscriber to the IP address.  Finally, Plaintiff may not conduct further discovery absent a court order, and Plaintiff is prohibited from engaging in coercive settlement negotiations.

Accordingly, it is this 4th day of April, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion to dismiss and quash filed by Defendant John Doe (ECF No. 7) BE, and the same hereby IS, DENIED;

2.  Plaintiff Malibu Media, LLC will have forty-five (45) days from the date of this Order to serve Defendant (*see* ECF Nos. 9; 10); and

3.  The Clerk will transmit copies of this Memorandum Opinion and Order to counsel for Plaintiff, and to Doe, if he or she provides contact information.

                                                          /s/  
                                              DEBORAH K. CHASANOW  
                                              United States District Judge

---

[1] Doe also purports to seek a "protective order sealing and preventing the disclosure of any information obtained through a subpoena." (ECF No. 7, at 6).  This is not necessary because the December 2 Order continues to grant Doe anonymity.